UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Does 172–191, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Case No. 2:21-cv-2121

Judge Michael H. Watson

Magistrate Judge Preston Deavers

## OPINION AND ORDER

In this case, twenty plaintiffs ("Plaintiffs") sue The Ohio State University ("Ohio State") based on sexual abuse they suffered at the hands of Dr. Strauss ("Strauss") while students at Ohio State. Amend. Compl., ECF No. 8. They sue Ohio State under the following theories of Title IX liability: (1) heightened risk; and (2) hostile environment. *Id.* ¶¶ 356–384. It appears Plaintiffs base each Title IX theory on the abuse by Strauss, the sexually charged environment at Larkins Hall, and Ohio State's contemporaneous response—or lack thereof—when it learned about both. *Id.* Ohio State moves to dismiss all claims. Mot. Dismiss, ECF No. 9. Plaintiffs responded, Resp. ECF No. 14, and Ohio State replied. Reply, ECF No. 17.

The Court **GRANTS** Ohio State's motion to dismiss for the reasons set forth in the Opinions and Orders issued in *Garrett* and *Ratliff.* Case Nos. 2:18-cv-692 and 2:19-cv-4746. The reasons requiring dismissal in those cases apply

equally to this case. *See, e.g.*, Amend. Compl. ¶¶ 13, 28, 31, 43–270, 310, 312, 319, 321, 345–55, ECF No. 8.[1]

Plaintiffs also argue that the filing of the *Garrett* Complaint tolled their statute of limitations under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). Resp. 17–18, ECF No. 14. Given that the Court has already dismissed the claims in *Garrett* as barred by the statute of limitations, this argument is unpersuasive.

The Court hopes that, notwithstanding the Court's ruling on the statute of limitations issue and fact that Ohio State's voluntary settlement program has closed, Ohio State will stand by its promise to "do the right thing," and continue settlement discussions with Plaintiffs.

The Clerk is **DIRECTED** to enter judgment for Ohio State and close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] John Doe 182 attended Ohio State from 1981–85, but apparently returned to graduate in 2020. Amend. Compl. ¶ 152, ECF No. 8. However, all of the harms which he experienced occurred during his time at Ohio State in the 1980s. *Id.* ¶¶ 153–55. In spite of his late graduation date, then, the analyses in *Garrett* and *Ratliff* applies equally to him.